IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **DUSTIN MILLER, GEORGE MUNN, RAMIRO GARRIDO, and DENNIS COHEN,** | § § § § | |
| *On Behalf of Themselves and All Others Similarly Situated* | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § § | **Civil Action No.** |
| **BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., and CLAUDINE ADAMS** | § § § § § | |
| **Defendants.** | § § | |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiffs—Dustin Miller, George Munn, Ramiro Garrido and Dennis Cohen (the "Named Plaintiffs")—on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by and through counsel, hereby submit this Collective Action Complaint against Bravura Information Technology Systems, Inc. ("Bravura") and Claudine Adams (the defendants shall be referred to collectively as the "Defendants"), who together are individually and jointly liable as a single enterprise, to recover unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and state common law.

## NATURE OF THE CASE

1. On information and belief, Bravura is a corporation organized under the laws of the State of Delaware. It maintains its headquarters/principal executive offices at 209 Research Boulevard, Ste. 150, Aberdeen, Maryland 21001.

2. Bravura helps businesses maintain and manage widely dispersed services and support through system engineering, program management, CBRNE (Chemical, Biological, Radiological, Nuclear and Explosives) defense and network systems. It also provides logistics integration solutions.

3. On information and belief, Bravura focuses its business on unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), and surveillance and video/imagery solutions. UAV are more commonly known as "drones."

4. Bravura provides logistics and maintenance support for the Aerostat—a helium-filled, tethered implementation utilized for surveillance projects.

5. For the Aerostat, Defendants employ a category of employee called "Aerostat Operator." Plaintiffs in this action are the Aerostat Operators.

6. Bravura provides the above-described services pursuant to contracts it has with the U.S. military, including the Army. Plaintiffs are hired by Defendants to work on those contracts.

7. At all times relevant hereto, Adams has been the Owner, President and Chief Executive Officer of Bravura.

8. At all times relevant hereto, Adams as the Owner, President and CEO, has had and has exercised extensive managerial responsibilities and substantial control over Plaintiffs and the terms and conditions of their employment. Adams has the authority to:

      a.      hire, fire and direct Bravura's employees including Plaintiffs;

      b.      supervise and control the employment relationships and work schedules of Bravura's employees including Plaintiffs;

      c.      set and determine the rate and method of pay of Bravura's employees including Plaintiffs; and

      d.      decide whether Plaintiffs receive overtime compensation.

9. Defendants are the "employer" of Plaintiffs as that term is defined by Section 203 of the FLSA.

10. The Named Plaintiffs and all other similarly situated persons are current and former Aerostat Operators who were/are not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed in excess of forty hours per workweek, as required by federal law, for the three (3) year period immediately preceding the filing of this action. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages and overtime compensation owed to the Named Plaintiffs and all other similarly situated persons.

## JURISDICTION AND VENUE

11. The FLSA authorizes claims by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over this action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. In addition, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Supplemental jurisdiction exists over Plaintiffs' state-law claims because those claims are so related to Plaintiffs' FLSA claims as to be part of the same case or controversy. 28 U.S.C. § 1367(a).

13. Defendants are subject to personal jurisdiction in this District as they do business in this District and employed/employ Plaintiffs in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

15. Named Plaintiff Miller is an adult individual residing in Texas. Though he performs services on behalf of Defendants in Texas, he was hired out of the Maryland headquarters.

16. Named Plaintiff Miller has been employed by Defendants as an Aerostat Operator since January 22, 2017.

17. Named Plaintiff Miller is an "employee" of Defendants as that term is defined by Section 203 of the FLSA.

18. Named Plaintiff Munn is an adult individual residing in Texas. Though he performed services on behalf of Defendants in Texas, he was hired out of the Maryland headquarters.

19. Named Plaintiff Munn was employed by Defendants as an Aerostat Operator from January 20, 2017 until January 20, 2018, when he resigned.

20. Named Plaintiff Munn was an "employee" of Defendants as that term is defined by Section 203 of the FLSA.

21. Named Plaintiff Garrido is an adult individual residing in Florida. Though he performed services on behalf of Defendants in Texas, he was hired by Defendants out of the Maryland headquarters.

22. Named Plaintiff Garrido was employed by Defendants as an Aerostat Operator from January 20, 2017 until January 21, 2018, when he resigned.

23. Named Plaintiff Garrido was an "employee" of Bravura as that term is defined by Section 203 of the FLSA.

24. Named Plaintiff Cohen is an adult individual residing in Texas. Though he performs services on behalf of Defendants in Texas, he was hired by Defendants out of the Maryland headquarters.

25. Named Plaintiff Cohen has been employed by Defendants as an Aerostat Operator since January 20, 2017.

26. Named Plaintiff Cohen is an "employee" of Bravura as that term is defined by Section 203 of the FLSA.

27. Defendants employed/employ and directed/direct Plaintiffs out of the headquarters in Maryland.

28. Defendants assign Plaintiffs to perform services in Texas. Once Plaintiffs are assigned to the work locations, Defendants still control the terms and conditions of their employment and have involvement with the assignment and direction of their job duties and responsibilities, their pay including the rate of pay, and method by which the pay is computed.

### COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. § 207, the Named Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of themselves and all similarly situated persons who are and/or were formerly employed by Defendants since February 14, 2015 (the "Look-Back Period"). These current and former employees of Defendants did not receive any wages for certain hours which they have worked as Aerostat Operators, and they did not receive required

5

overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed during the Look-Back Period.

30. The precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants. Upon information and belief, however, there may be at least fifteen (15) potential members of the collective action who were and/or are employed by Defendants during the Look-Back Period, most of whom would not be likely to file individual lawsuits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

31. The Named Plaintiffs will fairly and adequately protect the interests of the putative class and have retained counsel who are experienced and competent in the fields of employment law and FLSA collective action litigation such as this.

32. A collective action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where the individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

33. Furthermore, because the damages suffered by each similarly situated person are relatively small compared to the substantial expense and burden of litigation, it would be virtually impossible for any former and/or current employee of Defendants affected by their unlawful pay practices to pursue relief under the FLSA other than as part of a collective action.

34. There are questions of law and fact common to the members of the collective action which predominate over questions that may affect only individual members because Defendants have acted on grounds and applied policies applicable to all members. Among the

questions of law and fact common to the Named Plaintiffs and all other similarly situated persons are, *inter alia*:

      (a)    whether Defendants misclassified the exemption status of Plaintiffs;

      (b)    whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA;

      (c)    whether Defendants failed to pay Plaintiffs wages for all hours worked as well as proper overtime compensation for all hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      (d)    whether Defendants disallowed or prohibited time entries to be made by Plaintiffs;

      (e)    whether Defendants improperly computed the number of overtime hours for Plaintiffs based on time periods other than their workweeks;

      (f)    whether Defendants improperly paid Plaintiffs based on time periods other than their workweeks;

      (g)    whether Defendants improperly calculated compensation for overtime hours using a method other than applying a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek;

      (h)    whether Defendants ever informed Plaintiffs of the method by which their work hours and overtime pay would be calculated;

      (i)    whether Defendants ever explained to Plaintiffs the method by which their work hours and overtime pay would be calculated;

  (j) whether Defendants maintained and distributed any written policy concerning the method by which the work hours and overtime pay for Plaintiffs would be calculated;

  (k) whether Defendants failed to keep accurate and complete time records for all hours worked by Plaintiffs;

  (l) whether Defendants failed to keep proper timekeeping and payroll records required by the FLSA;

  (m) whether Defendants violated the overtime compensation requirements of the FLSA by acquiescing to the instructions of its customer(s);

  (n) whether Defendants' violations of the FLSA have been willful or with reckless disregard of the statute;

  (o) whether Defendants have acted in good faith in connection with the calculation and payment of overtime compensation to Plaintiffs;

  (p) whether Defendants are liable for all damages claimed herein including, but not limited to, compensatory damages, liquidated damages, costs, and attorneys' fees; and

  (q) whether Defendants should be enjoined from violations of the FLSA in the future.

  35. Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a collective action.

  36. If individual actions were required to be brought by each member of the putative class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Named Plaintiffs, the putative class members, Defendants and the Court.

37. Plaintiffs have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

## STATEMENT OF FACTS

38. During the Look-Back Period, Defendants have improperly classified Plaintiffs as "exempt" from the requirements of the FLSA thereby denying these employees proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

39. In the alternative, if during the Look-Back Period, Defendants have classified Plaintiffs as "non-exempt" from the requirements of the FLSA, they have failed to pay these employees proper wages and overtime compensation for hours worked in excess of forty per workweek, as required by the FLSA.

40. During the Look-Back Period, Defendants have violated the FLSA by failing to compensate Plaintiffs at a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek.

41. In typical workweeks, with the knowledge, permission, and mandate of their superiors and management, Plaintiffs work/worked forty hours, work/worked extra hours during such forty-hour weeks, and are/were not properly compensated for extra hours beyond forty hours they work/worked during those forty-hour weeks.

42. Within the Look-Back Period, Plaintiffs typically work/worked forty hours each workweek, work/worked extra hours during such forty-hour week, and are/were not properly compensated for extra hours beyond forty hours they work/worked during those forty-hour weeks.

43. For each workweek, Plaintiffs record/recorded their hours worked in Defendants' computer timekeeping system.

44. Defendants' computer timekeeping system will show the many workweeks during which Plaintiffs work/worked forty hours, work/worked extra hours during such forty-hour weeks, and are/were not properly compensated for extra hours beyond forty hours they work/worked during those forty-hour weeks.

45. Defendants' payroll records will show that Plaintiffs were/are not properly paid for the extra hours in excess of forty per workweek for the many workweeks during which they work/worked more than forty hours.

46. Plaintiffs are required to work in two 12-hour shifts. There is a day shift from 9:00 a.m. to 9:00 p.m. and a night shift from 9:00 p.m. to 9:00 a.m.

47. Plaintiffs' primary job duty is to keep the Aerostat "100% FMC" ("Full Mission Capable"). Their work time involves extraordinarily long work hours and the performance of routine, manual tasks to keep the Aerostat airworthy. More specifically, Plaintiffs—

    (a) upon arrival to the site, attend the briefing with their team members and the team from the outgoing shift concerning the status of the mission and weather conditions;

    (b) inspect the system and equipment along with the team members;

    (c) work with/on the Aerostat outside in the field, including its launch and recovery;

    (d) perform general maintenance on the Aerostat and the generator, including the basic field repair of parts and installation of new parts/hardware;

    (e) perform mechanic-type functions on the Aerostat;

    (f) troubleshoot issues with the Aerostat only if they arise;

  (g) perform pre-flight procedures including checking the weather, helium calculations, tethering, and the platform;

  (h) sit in the Ground Control Station along with the other team members and rotate with them in the operation of the Aerostat and the cameras on the Aerostat; and

  (i) keep track of inventory and identify parts which may be needed for the Aerostat.

  48. Plaintiffs are required to arrive at the job sites prior to the designated start time for each shift (either at 9:00 a.m. or 9:00 p.m.) for a change-over/pass-down meeting with the outgoing team and prepare for their shift. This work meeting involves (i) inspecting the system and equipment for anything broken or damaged, (ii) getting briefed by the outgoing team members on the status of the mission, operation of the equipment and weather conditions, and (iii) discussing and determining whether the weather conditions are suitable for operating the Aerostat.

  49. These change-over/pass-down meetings are necessary for the performance of Plaintiffs' job as they need to know what occurred during the preceding shift.

  50. Though Defendants know that Plaintiffs participate in these pre-shift work meetings at the sites, Plaintiffs are not permitted to record the time and are not paid for it.

  51. Plaintiffs are limited to recording 12 hours/day in their timesheets.

  52. Plaintiffs are required to cover for each other when they're absent from work. This is referred to as "covering down" for another employee. At times during the Look-Back Period, Plaintiffs covered down but were not paid for the hours doing so.

  53. Plaintiffs consistently work in excess of forty hours each workweek with the knowledge, permission, and mandate of the Defendants.

54. Defendants maintain nationwide policies and patterns or practices that violate the rights of Plaintiffs under the FLSA.

55. As part of their regular business practice, Defendants have engaged in a pattern, practice, and/or policy of violating the FLSA.

56. Defendants' unlawful conduct detailed in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

57. Plaintiffs suffered/suffer injury and are negatively affected in a similar fashion as a result of the above-described policies and actions of Defendants.

58. Defendants have committed the above-described FLSA violations as a result of their own improper classification Plaintiffs as "exempt," when they should have been classified as non-exempt under the FLSA.

59. Alternatively, if Defendants have classified Plaintiffs as "non-exempt," they have violated the FLSA by failing to pay them a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek.

60. Plaintiffs do not fit into any exemption under the FLSA and, therefore, any classification of these employees as exempt from overtime compensation is improper and violates the FLSA.

61. Plaintiffs do not manage the enterprise.

62. Plaintiffs do not customarily or regularly direct the work of other full-time employees of Defendants, nor do they have any authority to hire or fire other employees.

63. Plaintiffs do not perform office or non-manual work directly related to the management or general business operations of Defendants.

64. Plaintiffs' primary duty does not include the performance of work requiring advanced knowledge—work which is predominantly intellectual. Knowledge possessed by Plaintiffs and utilized for their work is not in a field of science or learning, nor is it acquired by a prolonged course of specialized intellectual instruction.

65. Plaintiffs do not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field. Further, Plaintiffs' primary duty does not include the design, development, and/or creation of computer systems or programs.

66. Defendants have repeatedly misrepresented the true nature of compensation to Plaintiffs, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and their entitlement to receive full wages and proper compensation for their overtime work.

67. Those actions were deliberately taken to confuse and deceive Plaintiffs regarding their entitlement to fair and full compensation for their work. Plaintiffs relied upon Defendants' misrepresentations.

68. In addition to the Named Plaintiffs, there are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present action and the opportunity to join the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through its records.

69. All employees and former employees who have been employed by Defendants as Aerostat Operators and who performed work in excess of forty hours per workweek, would

benefit from Court-supervised notice and an opportunity to join the present action and should be so notified.

70. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with the statute.

71. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation to which they were entitled.

## COUNT ONE
## FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

72. The Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set forth herein.

73. Defendants engaged and continue to engage in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

74. At all times relevant hereto, Defendants are and have been an "employer" of the Plaintiffs within the meaning of § 203(d) of the FLSA.

75. At all times relevant hereto, Defendants are and have been an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

76. At all times relevant hereto, Defendants employed and/or continue to employ the Plaintiffs within the meaning of the FLSA.

77. At all relevant times hereto, on information and belief, Defendants have had gross revenues in excess of $500,000.00.

78. Each Named Plaintiff consents in writing to be a party plaintiff to this action pursuant to § 216(b) of the FLSA. Each of the Named Plaintiff's written Consent Form is attached hereto and incorporated by reference.

79. There are many workweeks when Plaintiffs worked and continue to work more than forty hours.

80. It is averred that Defendants willfully violated the FLSA so a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

81. Defendants engaged and continue to engage in a widespread pattern and practice of violating the provisions of the FLSA by misclassifying Plaintiffs as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of Plaintiffs in accordance with § 206 and § 207 of the FLSA.

82. In the alternative, if Defendants have classified Plaintiffs as "non-exempt," they have engaged and continue to engage in a widespread pattern and practice of violating the provisions of the FLSA by failing to compensate Plaintiffs at a rate not less than one and one-half (1.5) times the regular rate for work performed in excess of forty hours per workweek and by improperly calculating compensation for overtime hours using a method that does not compensate them at the proper overtime rate.

83. At all times relevant hereto, Defendants had and have a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation at the proper rate to Plaintiffs for their hours worked in excess of forty hours per workweek.

84. At all times relevant hereto, Defendants had and have a policy and practice of requiring Plaintiffs to perform non-exempt duties without proper compensation and overtime compensation.

85. As a result of Defendants' failure to compensate their employees, including Plaintiffs, at a rate not less than one and one-half (1.5) times the regular rate of pay for work

performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate the FLSA.

86. As a result of Defendants' failure to record/report the full amount of time Plaintiffs worked/work and to compensate them for such time, Defendants have failed to make, keep, and preserve accurate records with respect to each of the employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

87. As a result of Defendants' FLSA violations as alleged herein, Plaintiffs have suffered and continue to suffer damages by being denied full wages and overtime compensation in accordance with the FLSA.

88. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

89. As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have been and are being deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, costs, attorneys' fees, interest and other compensation pursuant to the FLSA.

## COUNT TWO
## BREACH OF CONTRACT

90. The Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set forth herein.

91. At all times relevant hereto, Defendants employed and/or continue to employ the Plaintiffs.

92. There is or was a valid agreement, express or implied, between Defendants and Plaintiffs whereby, *inter alia*, Defendants agreed to pay Plaintiffs for hours worked.

93. Defendants' failure to pay Plaintiffs for participating in change-over/pass-down meetings and "covering down" time is a breach of their agreement with Plaintiffs, which breach has caused injury to Plaintiffs in the amount of their lost compensation.

94. All conditions precedent to Plaintiffs' recovery have been performed, have occurred, or have been waived.

95. Plaintiffs sue Defendants for Plaintiffs' actual damages arising from Defendants' breach of contract.

## COUNT THREE
## QUANTUM MERUIT (IN THE ALTERNATIVE)

96. The Named Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set forth herein.

97. At all times relevant hereto, Defendants employed and/or continue to employ the Plaintiffs.

98. Pleading in the alternative, in the absence of an express contract, the Plaintiffs performed/perform valuable services to Defendants (including, but not limited to, participating in change-over/pass-down meetings and "covering down" time), and which Defendants accepted. Defendants had reasonable notice that Plaintiffs expected compensation for the services.

99. Plaintiffs sue Defendants, in the alternative, to recover under *quantum meruit* the reasonable value of the services they provided, and for which they have not been compensated.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs—Dustin Miller, George Munn, Ramiro Garrido and Dennis Cohen—individually and on behalf of all other similarly situated persons, pray for the following relief:

(A)    certification of this action as a collective action brought pursuant to § 216(b) of the FLSA;

(B)    a determination that the practices, policies, and patterns complained of herein are unlawful under the FLSA;

(C)    a determination that the Defendants are liable, jointly and severally, for the violations of the FLSA;

(D)    a determination that Defendants' actions have been willful or with reckless disregard of the FLSA;

(E)    an injunction against Defendants from engaging in each of the unlawful practices, policies, and patterns complained of herein, including enjoining Defendants from classifying the Named Plaintiffs and all other similarly situated persons as exempt under the FLSA;

(F)    a designation of the Named Plaintiffs as Class Representatives;

(G)    at the earliest possible time, an Order that Defendants be required to give notice, or that the Court issue such notice, to all of Defendants' employees in all locations within the United States during the three (3) years immediately preceding the filing of this action, who are or may be similarly situated to the Named Plaintiffs, informing them that this action has been filed, describing the nature of the allegations, and advising them of their right to opt-into this action if they worked for the Defendants but were not paid proper wages and/or full overtime pay and benefits pursuant to § 216(b) of the FLSA;

(H)    an award of damages against the Defendants, jointly and severally, in an amount to be determined at trial, including unpaid back wages as well as liquidated damages pursuant to the FLSA and regulations of the United States Department of Labor promulgated pursuant to the FLSA;

(I) an award of damages against the Defendants, jointly and severally, in an amount to be determined at trial, for Defendants' breach of contract or, in the alternative, for the reasonable value of Plaintiffs' services;

(J) penalties available under applicable law;

(K) an award against the Defendants, jointly and severally, for reasonable attorneys' fees, costs of suit, and interest; and

(L) such other legal and equitable relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Date: February 14, 2018

Respectfully submitted,

By: /s/ Cynthia R. Levin Moulton_____
Cynthia R. Levin Moulton
State Bar No. 12253450
800 Taft Street
Houston, Texas 77019
Telephone: (713) 353-6699
Telecopier: (713) 353-6698
Email: cmoulton@moultonwilsonarney.com

ATTORNEY-IN-CHARGE FOR NAMED PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

Of Counsel:

MOULTON, WILSON & ARNEY, L.L.P.
Lance C. Arney
State Bar No. 00796137

800 Taft Street
Houston, Texas 77019
Telephone : (713) 353-6699
Telecopier: (713) 353-6698
Email: larney@moultonwilsonarney.com


Peter R. Rosenzweig
(*pro hac vice* pending)
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Tel: (267) 443-4120
Fax:  (215) 568-0140