IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DUSTIN MILLER, GEORGE MUNN, RAMIRO GARRIDO, and DENNIS COHEN, <br><br>*On Behalf of Themselves and All Others Similarly Situated* <br><br>Plaintiffs, <br><br>v. <br><br>BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., and CLAUDINE ADAMS <br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 7:18-cv-00041 |
| JONATHAN BURCHFIELD, <br><br>*Individually and on Behalf of All Others Similarly Situated* <br><br>Plaintiff, <br><br>v. <br><br>BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., and CLAUDINE ADAMS <br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No.   7:18-cv-00042 (Consol. with No. 7:18-cv-00041) |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS**

Named Plaintiffs Dustin Miller, George Munn, Ramiro Garrido, Dennis Cohen, and Jonathan Burchfield submit their Supplemental Memorandum of Law in Support of Request for Attorneys' Fees and Costs and respectfully state as follows:

## I. BACKGROUND

The Parties reached an agreement to settle this Fair Labor Standards Act ("FLSA") collective action weeks shy of a year ago on September 13, 2018. On November 13, 2018, they filed Joint Motions for Approval of Settlement and Agreement and Release and Stipulation of Dismissal With Prejudice (the "Joint Motions"), in which the Named Plaintiffs presented their request (not contested by Defendants) that Class Counsel[1] be awarded their agreed-upon attorneys' fee of 40% of the balance of the Gross Settlement Fund only after litigation costs, Incentive Awards, and settlement administrator costs have been paid. (Dkt. No. 36 in the *Miller* case and Dkt. No. 33 in the *Burchfield* case).[2] After the Court orally denied the Joint Motions as premature (Dkt. No. 43), the Parties filed their Renewed Joint Motion for Approval of Settlement Agreements as Amended on July 11, 2019. (Dkt No. 55). Therein, the Named Plaintiffs repeated their request that Class Counsel be awarded the agreed-upon contingency fee of 40%.

On August 16, 2019, the Court entered an Order Denying Approval of Settlement. (Dkt. No. 85). The Court discussed the attorneys' fee requested by the Named Plaintiffs and invited further information to assist with its determination of whether the requested fee of 40% is reasonable. Shortly thereafter, on August 21, 2019, Class Counsel filed a Status Report (2) providing additional information and charts showing the proposed breakdown of the settlement

---

[1] Class Counsel are Peter R. Rosenzweig of Kleinbard LLC and Lance C. Arney of Moulton, Wilson & Arney, L.L.P.

[2] The *Miller* case (7:18-cv-00041) [on behalf of Aerostat Operators] and the *Burchfield* case (7:18-cv-00042) [on behalf of Aerostat Shift Leads], were consolidated by Order dated March 19, 2019. (Dkt. No. 40 in the *Burchfield* case). For this submission, filings in the *Miller* case will be cited as "*Miller* Dkt. No. ___") and filings in the *Burchfield* case will be cited as "*Burchfield* Dkt. No. ___"). Filings with the citation of "Dkt. No. ___" are those filed after the March 19, 2019 Consolidation.

fund at various attorneys' fees percentages, ranging from 40% to 33⅓%. (Dkt. No. 86). On August 22, 2019, a Telephone Conference was held during which the Court requested further information to make a final determination concerning the attorneys' fee.

In response to the Court's request, Class Counsel hereby submit this Supplemental Memorandum of Law in Support of Request for Attorneys' Fees and Costs. The following previously filed documents should aid in the Court's determination — **(a)** the Joint Motions, *supra*; **(b)** Declaration of Peter R. Rosenzweig (*Miller* Dkt. No. 36-6; *Burchfield* Dkt. No. 33-3); **(c)** Declaration of Lance C. Arney (*Miller* Dkt. No. 36-7; *Burchfield* Dkt. No. 33-4); and **(d)** the Named Plaintiffs': (i) Consent Forms (Exs. 1–4 of *Miller* Dkt. No. 1; Ex. 1 of *Burchfield* Dkt. No. 1): (ii) Representation Agreements (described in the Joint Motions); (iii) Client Consent to Joint Representation (described in the Joint Motions); and (iv) Declarations included as part of the Joint Motions (*Miller* Dkt. Nos. 36-2, 36-3, 36-4, and 36-5; *Burchfield* Dkt. No. 33-2).

The Named Plaintiffs respectfully submit that the Court approve Class Counsels' fee of 40%.

## II. ARGUMENT

A. The Prior Shared Experience of the Named Plaintiffs and Class Counsel Supports the Reasonableness of the Agreed-Upon Contingency Fee

Mr. Rosenzweig's relationship with and legal representation of the Named Plaintiffs commenced in early 2017 long before he was engaged as counsel for this case. More specifically, Mr. Rosenzweig represented the Named Plaintiffs (and many other class members) in two similar FLSA collective action cases against another unmanned aerial vehicle ("UAV") defense contractor—Technology and Supply Management, LLC ("TaSM").[3] By way of

---

[3] In May 2017, those cases were commenced in the U.S. District Court for the Eastern District of Virginia—1:17-cv-00558 [Aerostat Operators] and 1:17-cv-00557 [Aerostat Shift Leads]. They were voluntarily dismissed in January 2018 and later re-filed in March 2018 as a single case in this Court—7:18-cv-00065.

background, between 2015 and 2017, TaSM held the contract with the Department of Defense to run the UAV operations in south Texas. TaSM lost that contract to Defendant Bravura, which then took over the operations in January 2017. The Plaintiff Class Members simply moved from TaSM to Bravura, keeping the same jobs, same duties and responsibilities and same worksites.

The aforementioned Virginia cases against TaSM remained pending until January 2018 when they were voluntarily dismissed. In those cases, like the instant matter, the Named Plaintiffs requested representation on a contingency fee basis and agreed to a fee of 40%. Neither the Plaintiff Class Members nor Mr. Rosenzweig's firm had any recovery—unfortunately, a perfect example of the risk assumed by a lawyer when taking a case on a contingency fee basis. In total, Mr. Rosenzweig's firm devoted more than 1,000 hours on those cases and received not a dime for its work. Specifically, 1,106 hours were recorded for a total loss of $472,218 in fees. That does not include the time and fees incurred by local counsel in Virginia.

In the TaSM cases, the Named Plaintiffs experienced, firsthand, the many challenges encountered in collective action litigation and saw the commitment of time, resources and money. As a result, when they approached Mr. Rosenzweig with the potential issues related to Bravura's pay practices, they fully understood why the contingency fee of 40% was appropriate and warranted. For reasons described in more detail below, Mr. Rosenzweig would not have been able to accept this engagement if a 40% contingency fee was not agreed to.

"The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Forbush v. J.C. Penney Co.,* 98 F.3d 817, 824 (5th Cir. 1996) (internal quotation marks omitted). "In cases where litigants propose a percentage calculation for fees … district courts generally begin by

looking to the parties' proposed percentage as the starting point to determine the benchmark fee." *Dyson v. Stuart Petroleum Testers, Inc.*, 2016 WL 815355 (W.D. Tex. Feb. 29, 2016) (citing *Klein v. O'Neal, Inc.*, 705 F.Supp.2d 632 (N.D. Tex. 2010)).

At the start of this case, the Named Plaintiffs signed off on the 40% contingency fee on two separate occasions—first, in their Representation Agreements and then the Client Consent to Joint Representation letters. When the case settled, the Named Plaintiffs acknowledged Class Counsels' dedicated and diligent representation, affirmed the appropriateness of the agreed-upon 40% fee, and agreed that Class Counsel earned it. By no means was the result here an unexpected, unearned windfall for Class Counsel. Nor was it surprise to the Named Plaintiffs. These factors weigh in favor of approving the requested fee.

      B.      <u>Class Counsel Obtained An Exceptional Settlement</u>

For fifteen months between June 2017 and September 2018, Class Counsel worked closely with the Named Plaintiffs (along with various opt-in class members inside and outside of the United States) to commence this case, take it through informal discovery, and obtain a substantial class-wide settlement after extensive negotiations. Not only did the settlement obtain monetary relief in the form of back wages, it engendered non-monetary relief as Defendants modified their pay practices as of November 1, 2018. ***"Although the percentage method does not directly reward non-monetary relief, the additional relief especially favors a larger fee because it provides a great value to both class members and non-class members."*** *Clark v. Experian Info. Sols., Inc.*, 2004 U.S. Dist. LEXIS 32063, at \*43 (D.S.C. Apr. 20, 2004) (emphasis added) (*quoting* Manual on Complex Litigation, Fourth Edition § 14.21 at 190 (FJC)) (noting "declaratory and injunctive relief" should be included when calculating the "common benefits" of a settlement)). The Named Plaintiffs have confirmed that Class Counsel achieved a

very successful outcome and that their work since June 2017 justifies the contingency fee of 40%. The average settlement award for the Plaintiff Class Members hired prior to June 1, 2018 is $35,989. The average settlement award for the Plaintiff Class Members hired after June 1, 2018 is $1,585.

Though the Court has already found that there is a bona fide dispute between the Parties that allows compromise as to Plaintiffs' FLSA claims, for purposes of the present request for approval of the 40% contingency fee, further examination of one particular contested issue demonstrates why the requested fee is justified. After the exemption classification issue, the most significant bona fide dispute concerns the method by which Defendants calculated the overtime compensation due to the Plaintiff Class Members. The favorable resolution of this paramount issue, again, underscores the reasonableness of the requested fee.

The Named Plaintiffs maintained that the standard method of calculating overtime pay under the FLSA (*i.e.*, time-and-a-half the hourly rate for all hours in excess of 40 per workweek) should have been applied. The Defendants opposed the use of that calculation method and maintained that overtime pay, if any, should have been calculated using the Fluctuating Workweek ("FWW") method which calculates an employee's regular rate by examining each workweek individually, and dividing the salary by the number of hours actually worked in a given workweek.[4]

- Under the FWW, the back overtime pay totals **$310,000**
- Under the standard method, the back overtime pay totals **$1,500,000**

---

[4] The U.S. Department of Labor's implementing regulations provide an alternative way for employers to calculate the regular rate of pay for certain salaried employees. Section 778.114 of the implementing regulations provides that a salaried employee whose hours fluctuate from week to week can reach a mutual understanding with the employer that he or she will receive a fixed amount of compensation per week, regardless of the number of hours that the employee works in that week, and that he or she additionally will receive a rate of fifty percent of the regular hourly pay for any hours over forty worked in that week. *See* 29 C.F.R. § 778.114(a).

After seven months of negotiations, contentious at times, Class Counsel obtained a settlement of $1,500,000—the full back pay using the standard method of calculation. If Class Counsel reached a settlement for full back pay under the FWW and even doubled it for liquidated damages, the total of $620,000 is still 2.5x less than the $1,500,000 settlement obtained.

Even after the 40% fee is deducted from the balance of settlement fund (after litigation costs, Incentive Awards, and settlement administrator costs have been deducted), $885,000 is available to the Plaintiff Class Members. This amount is almost 3x greater than 100% of the total back wages under the FWW even before any attorneys' fees are deducted ($885,000 ÷ $310,000). The settlement achieved by Class Counsel is at the top of the range of recovery. This weighs in favor of approving the requested contingency fee of 40%.

    C.    The Requested Fee Falls Within The Range of Court-Approved Fees And Is Supported By The Lodestar Cross-Check

In FLSA common fund cases like this case, many courts have approved a requested contingency fee of nearly or up to 40%. "In common fund cases, fee awards generally range anywhere from nineteen percent (19%) to forty-five percent (45%) of the settlement fund." *In re Gen. Motors*, 55 F.3d 768, 822 (3d Cir. 1995); *see also In re Combustion, Inc.*, 968 F.Supp. 1116 (W.D. La. 1997) (approving 36% fee); *Rouse v. Comcast Corp.*, 2015 WL 1725721 (E.D. Pa. 2015) (approving 35% fee); *Lyons v. Gerhard's Inc.*, 2015 WL 4378514 (E.D. Pa. 2015) (approving 44% fee); *Walker v. Dovetails, Inc.*, 2011 WL 761475 (E.D. Va. Feb. 24, 2011) (approving 40% fee); *Mabry v. Hildebrandt*, 2015 WL 5025810 (E.D. Pa. Aug. 24, 2015) (approving 40% fee); *In re U.S. Bancorp Litigation*, 291 F.3d 1035 (8th Cir. 2002) (approving 36% fee); *Savani v. URS Prof'l Sols. LLC*, 121 F.Supp.3d 564 (D.S.C. 2015) (approving 39.57% fee).

"No general rule can be articulated as to what is a reasonable percentage of a common fund. Usually 50 percent of the fund is the upper limit on a reasonable fee award from a common fund to assure that fees do not consume a disproportionate part of the recovery obtained for the class, though somewhat larger percentages are not unprecedented." *See In Re Combustion, Inc., supra* at 1133 (*citing Camden I Condominium Assn. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991)*;* 1 Conte*,* Attorney Fee Awards, § 2.08 text and n. 131. In *Vassallo v. Goodman Networks, Inc.*, the parties settled a FLSA collective action for $2,000,000 and the Court approved a fee of 39.78%. 2016 WL 6031847 (E.D. Tex. Oct. 14, 2016). *See In re Warner Communications Securities Litigation*, 618 F.Supp. 735, 749 (S.D.N.Y. 1985) (traditionally, courts in this Circuit and elsewhere have awarded fees in the 20%–50% range in class actions); *Zinman v. Avemco Corp.,* 1978 WL 5686 (E.D. Pa. 1978) (50% of $260,000 settlement); *Clark v. Cameron-Brown Co.,* 1981 WL 1637 (M.D.N.C. 1981) (35% of $2.85 million settlement); *Baron v. Commercial & Industrial Bank of Memphis,* 1979 WL 1252 (S.D.N.Y. 1979) (36% of $900,000 settlement).

Application of the lodestar cross-check also weighs in favor of approving Class Counsels' requested 40% fee. "Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *See Goldenberg v. Marriott PLP Corp.,* 33 F.Supp.2d 434 (D. Md. 1998); *see also In re Microstrategy, Inc.,* 172 F.Supp.2d 778 (E.D. Va. 2001) (reducing fee award from a requested percentage, which would have resulted in an award approximately four times the lodestar figure, to a percentage that resulted in an award 2.6 times the lodestar figure); *In re Cendant,* 243 F.3d 722 (3d Cir. 2001) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.").

Here, the time and billing records of Class Counsel indicate a total lodestar of $311,141 to date. The lodestar cross-check confirms that attorneys' fee of $590,000 of the $1,500,000 settlement fund is a reasonable fee award for Class Counsel. Class Counsels' requested fee of 40% yields a lodestar multiplier of only 1.896 (*i.e.*, $590,000 ÷ $311,141). Class Counsels' lodestar multiplier is lower than the range of lodestar multipliers courts have generally held reasonable—*i.e.*, multipliers falling between 2 and 4.5. Indeed, the lodestar cross-check confirms that the requested fee award is reasonable. *See Decohen v. Abbasi, LLC, et al.*, 299 F.R.D. 469 (D. Md. 2014); *Singleton v. Domino's Pizza, LLC*, 976 F.Supp.2d 688 (D. Md. 2013). This factor, too, weighs in favor of approving the requested 40% contingency fee.

D.    The Requested Fee Has Been Approved in Similar Cases

As highlighted in prior filings, since 2011, Mr. Rosenzweig has been lead counsel in 27 FLSA collective action cases, all of which involved employees working with unmanned aerial vehicles. For the first 12 such cases, the contingency fee was 33⅓%. However, based on his personal experience with those cases and after careful review and analysis, his firm determined that for the economics to work, an increase in the contingency fee percentage was necessary. In 2016, for business reasons, the firm increased the contingency fee in FLSA collective action cases to 40%. In the 15 cases since that increase — in 7 of them, for various reasons a contingency fee was not applied (because either the cases were dismissed, the parties agreed to a fee structure other than a contingency fee, or a fee petition was filed). 4 cases are pending. In the other 4 cases, the 40% fee <u>was approved</u> by the court — *Marco Ramos, et al. v. Navmar Applied Sciences Corporation*, Case No. 2:17-cv-01702 (E.D. Pa.); *Davis, et al. v. Neany, Inc.*, Case No. 8:17-cv-01862-TDC (D. Md.); *Patrick, et al. v. Neany, Inc.*, Case No. 8:17-cv-02175-GJH (D. Md.); and *Evans, et al. v. Neany, Inc.*, Case No. 8:17-cv-01225-PWG (D. Md.). Indeed,

9

because other courts have approved the 40% fee in very similar UAV FLSA collective action cases, it is respectfully submitted that the 40% fee be approved by this Court.

### III. CONCLUSION

For the reasons set forth above, it is respectfully submitted that the Court honor the Named Plaintiffs' agreement to the 40% at the commencement of this case and their final approval of the 40% upon the successful settlement of this case. The exceptional result achieved by Class Counsel was unequivocally endorsed by each Named Plaintiff.

Date: August 27, 2019

Respectfully submitted,

MOULTON, WILSON & ARNEY, L.L.P

By:   /s/ Lance C. Arney
     Cynthia R. Levin Moulton (Bar No. 12253450)
     Lance C. Arney (Bar No. 00796137)
     800 Taft Street
     Houston, Texas 77019
     Telephone: (713) 353-6699
     Facsimile: (713) 353-6698
     Email: cmoulton@moultonwilsonarney.com
     Email: larney@moultonwilsonarney.com

Of Counsel:

Peter R. Rosenzweig
(admitted *pro hac vice*)
Kleinbard LLC
1717 Arch Street, 5th Floor
Philadelphia, Pennsylvania 19103
Telephone: (267) 443-4120
Telecopier: (215) 568-0140

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been delivered on August 27, 2019, to all counsel of record through the Court's ECF system.

                                        /s/  Lance C. Arney_____
                                        Lance C. Arney